# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | NO. 15-40014-TSH |
| MARK MCFORBES ) | |
| ) | |
| Defendant. ) | |

## ORDER

### June 10, 2015

HILLMAN, D.J.

On January 23, 2015, Defendant Mark McForbes was arrested based on a criminal complaint charging him with being a felon in possession of a firearm and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(g)(1) & 922(k). That same day he appeared before Magistrate Judge David H. Hennessy for his initial appearance. The Government moved for the Defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(D) (defendant is charged with a felony and has been convicted of two or more offenses specified by the statute) and (f)(2)(A) (defendant is a flight risk). A probable cause/detention hearing was held before Judge Hennessy on February 3, 2015. Judge Hennessy found probable cause and the issue of detention was continued to await a pre-trial services interview and report.

The detention hearing was held on February 6, 2015. Following argument and testimony by the Defendant's girlfriend, Judge Hennessy took the matter under advisement. On February 25, 2015, Judge Hennessy ordered the Defendant detained. Specifically, Judge Hennessy found that although the Defendant was not a flight risk, the Government had established by clear and

1

convincing evidence that the Defendant was a danger to the community and that no condition or combination of conditions would assure the safety of others and the community. The Defendant subsequently moved for review of Judge Hennessy's detention order, requesting release on conditions.[1] (Docket No. 29). On June 3, 2015, this Court heard argument from the parties on the matter.

## **Discussion**

Under the Bail Reform Act, 18 U.S.C. § 3142, release of a defendant is warranted if there are conditions of release that will reasonably assure the defendant's appearance and the safety of others and the community. *See* 18 U.S.C. § 3142(g). If, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e). In making this determination, courts must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including:
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

---

[1] Although Defendant's motion is styled as an "appeal" under 18 U.S.C. 3145(c), I construe it as a motion for revocation or amendment of the detention order under § 3145(b). Section 3145(b) provides for district court review of detention orders by magistrate judges, whereas § 3145(c) allows orders of district judges to be appealed to the federal courts of appeal. *See United States v. Rouleau*, 673 F. Supp. 57, 58 (D. Mass. 1987).

2

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

I have examined the materials submitted to Judge Hennessy bearing on the question of detention and the transcripts of the prior proceedings.[2] I have also heard argument from defense counsel and the United States. Upon review of the record and consideration of the parties' arguments, I ___deny___ the defendant's request for revocation of the detention order.

The dangerous nature and circumstances of the alleged crime—which involves the defendant's central role in the sale of two loaded handguns at a residence in Worcester—weigh heavily in favor of detention under § 3142(g)(1) & (4). It is true that the defendant has significant ties to this community, and I have considered carefully the supportive testimony of the defendant's girlfriend and the pre-trial services recommendation that he be released on conditions. However, this defendant has a significant criminal history and, as an armed career criminal, faces a 15-year minimum-mandatory sentence if convicted. I find that these circumstances weigh in favor of detention under § 3142(g)(3) even if, as defense counsel argues, the defendant has no association with gangs or gang members.

Finally, the weight of the evidence against the defendant is substantial. At the June 3 hearing, defense counsel argued that events subsequent to Judge Hennessy's detention order have revealed that the government's case is not as strong as initially represented. Specifically, defense counsel proffered that an audio recording of the alleged transaction is inaudible, that the government's cooperating informant is not credible, and that inconsistencies exist in statements

---

[2] Where, as here, a court examines the detention order without taking new evidence, a degree of deference to the factual determinations of the Magistrate tempers the independent review. *See United States v. Tortora*, 922 F.2d 880, 882-83 (1st Cir. 1990); *United States v. Simone*, 317 F. Supp. 2d 38, 42 (D. Mass. 2004) (internal citations omitted).

of government witnesses. Despite this, the fact remains that the defendant admitted to law enforcement that he was involved, at least to some extent, with the gun transaction. Furthermore, the government intends to establish the facts of the alleged crime through live testimony of multiple witnesses at trial. Questions about evidentiary weight as it bears on the question of guilt beyond a reasonable doubt will be properly determined by the jury. For instant purposes, it suffices to say that the evidence against this defendant is significant and weighs in favor of detention under 18 U.S.C. § 3142(g)(2).

Based on my review of the record and consideration of the parties' arguments, I am persuaded by clear and convincing evidence that there is no condition or combination of conditions, short of continued detention, that will reasonably assure the safety of other persons and the community.

## **Conclusion**

For the foregoing reasons, the defendant's motion to revoke the order of detention (Docket No. 29) is ***denied***.

SO ORDERED.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**