**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                      )
                                                      )
**UNITED STATES OF AMERICA**          )          **CIVIL ACTION**
                                                      )
                                                      )          **NO. 4:15-CR-40014-TSH**
**v.**                                                )
                                                      )
**MARK MCFORBES,**                       )
                                                      )
                    **Defendant.**              )
_____ )


**ORDER ON DEFENDANT'S MOTION FOR NEW TRIAL (Docket No. 183) AND**
**DEFENDANT'S MOTION TO AMEND MOTION FOR NEW TRIAL (Docket No. 188)**

**March 8, 2016**

**HILLMAN, D.J.**

On July 22, 2015, Mark McForbes (Defendant) was convicted of two counts of being a felon in possession of a firearm.  During trial, the United States presented evidence that a cooperating witness (CW) had sold firearms to Defendant while wearing a recording device.  Due to the poor quality of parts of the recording, the CW provided critical testimony for the United States' case.  The Defendant's theory of defense was that he was not the person who had sold the firearms to the CW.  Defendant sought to establish that another individual at the scene had conducted the purchase, while Defendant was a mere bystander.  The Defendant also attempted to show that the CW was motivated to lie about Defendant's involvement; one theory being that the CW intended to have Defendant falsely convicted so that he could rob Defendant's house while he was incarcerated.

1

On February 8, 2016, Defendant moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, on the ground of newly discovered evidence. (Docket No. 183).  On February 24, 2016, he moved to amend his motion to correct a factual error.  Defendant's motion to amend (Docket No. 188) is ***granted***, and this Court accepts his amended filing (Docket No. 188-1) as the operative motion.  For the reasons set forth below, this motion is ***denied***.

The Defendant raises two arguments.  First, he argues that he is entitled to a new trial because he recently discovered evidence suggesting that the CW had a motive to lie and was biased against Defendant.  Specifically, Defendant contends that, two-and-a-half months after his trial, the CW was arrested for breaking into a house in Southbridge and stealing various items.  The house was occupied by a man who had been charged four days earlier with various drug and gun offenses, and a CW had provided information to the police to support these charges.  The Defendant contends that this evidence would undermine the credibility of the CW with regard to the Defendant's case by showing that the CW is "a criminal who uses the justice system as a means to an end, namely his own enrichment at the expense of those he helps to put in jail." (Docket No. 188-1 at 4.)

"A defendant who seeks a new trial on the basis of newly discovered evidence bears a 'weighty burden' of establishing that: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material and not merely cumulative or impeaching; and (4) the emergence of the evidence will probably result in an acquittal upon retrial of the defendant." *United States v. Del-Valle*, 566 F.3d 31, 38 (1st Cir. 2009) (citation omitted).

The United States argues that the CW's post-trial arrest is not "newly discovered evidence" under Rule 33 because the operative facts occurred after Defendant's trial.  The First Circuit has

not yet squarely ruled on the issue of whether, in order to form the basis for a motion for a new trial, "newly discovered evidence" must pertain to facts that were in existence at the time of trial. *See United States v. Mojica-Rivera*, 435 F.3d 28, 32-33 & n.5 (1st Cir. 2006) (suggesting by implication that post-trial evidence of perjured testimony by a cooperating witness would satisfy the first two elements of the Rule 33 newly-discovered-evidence standard); *but see Rivera v. M/T Fossarina*, 840 F.2d 152, 156 (1st Cir. 1988) (in the civil context, "'newly discovered evidence' normally refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant.'")

I need not reach a conclusion on this issue.  Even if Defendant's proffered evidence satisfies the first two prongs of the four-part test, his motion must nevertheless be denied because the evidence would have been cumulative impeachment evidence.  During trial, defense counsel questioned the CW about the alleged plot to frame Defendant in order to rob his house.  Counsel cross-examined the CW at length, eliciting extensive information about his cooperation agreement with the government and confirming that he had previously used illegal firearms, committed robberies, faced numerous criminal charges, and perjured himself during an armed-robbery trial.  Evidence of one subsequent robbery charge would not have added meaningfully to the already-extensive impeachment of this witness and would not have changed the outcome of the trial. *See Mojica-Rivera*, 435 F.3d at 33 n.5.

Defendant also seeks production of the recording device that the CW wore during the sale of the firearms.  According to the Defendant, certain portions of the audio, which were labelled unintelligible, would have revealed favorable information about Defendant's case.  Defendant contends that he thought he had an "original" of the recording during trial but later learned that he had "a copy, and perhaps a copy of a copy."  Although Defendant attempts to frame this issue as

one of newly discovered evidence, neither the audio recording nor its source are newly revealed. The United States produced a CD of the audio to Defendant and proffered testimony if an FBI analyst to describe the steps taken to enhance the quality of the recording. Defendant engaged his own expert to evaluate the FBI's process. Defendant has not identified any salient facts relating to the audio recording that were not—or could not have been with due diligence—discovered during trial.

For the reasons set forth above, Defendant's motion to amend (Docket No. 188) ***_granted_***, and his motion for new trial (Docket No. 183) is ***_denied_***.


**SO ORDERED.**


***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
