UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK MCFORBES AKA "S-DOT,"<br><br>Defendant. | CRIMINAL ACTION<br><br>NO. 15-40014-TSH |

### ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY
### (Docket No. 248)

**August 30, 2019**

**HILLMAN, D.J.**

Mark McForbes ("Defendant") was convicted after a jury trial on two counts of being a felon in possession of a firearm. As he had three prior Massachusetts drug distribution convictions, he was sentenced as an armed career criminal to 180 months, the statutory minimum. He now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on two grounds. First, he contends that his prior state court convictions do not qualify as ACCA predicate convictions. Second, he argues that his counsel was ineffective for failing to move to exclude audio recordings made by the digital recorder carried by the cooperating witness. For the reasons stated below, Defendant's motion (Docket No. 248) is ***denied***.

### Legal Standard

Section 2255 provides for post-conviction relief in four instances: "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to direct attack."

*David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defects' which, if uncorrected, will 'result in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Therefore, unless it is constitutional or jurisdictional in nature, a Section 2255 claim must show "exceptional circumstances" that warrant redress. *David*, 134 F.3d at 474. The petitioner has the burden of showing an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

## **Discussion**

Defendant first contends that his prior state court convictions do not qualify as ACCA predicate convictions because the state statute includes the verb "dispense" while that word is not found in the ACCA's definition of a serious drug offense. *Compare* Mass. Gen. Laws ch. 94C, § 32A *with* 18 U.S.C. § 924(e)(2)(A). The First Circuit rejected this argument on direct appeal and reasoned, "Defendant does not point to any precedent suggesting that the term 'dispenses' should not be viewed as a synonym for 'distributes' or that the presence of the word in the state statute should matter for ACCA purposes." *United States v. McForbes*, No. 16-1281, 2018 WL 7959183, at *1 (1st Cir. Nov. 26, 2018). I similarly reject Defendant's contention.

Defendant next argues that his counsel was ineffective for failing to move to exclude audio recordings made by the digital recorder carried by the cooperating witness. According to Defendant, the case agent and/or prosecutor tampered with the original recording and that unintelligible portions contained evidence favorable to his defense.

A defendant "claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' . . . and (2) that counsel's

deficient performance prejudiced the defendant." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). "The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993). There is nothing in the record apart from Defendant's bald assertions to support a claim for prosecutorial misconduct. Accordingly, his claim of ineffective assistance of counsel (based on his counsel's failure to object to that alleged conduct) must also fail.[1]

## Conclusion

For the reasons stated above, Petitioner's motion (Docket No. 248) is ***denied***

## Certificate of Appealability

Pursuant to Section 2253(c), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To be debatable among jurists, the petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003).

Petitioner fails to demonstrate that reasonable jurists could debate whether his petitioner for writ of habeas corpus should have decided differently. The First Circuit has already rejected

---

[1] Insofar as Defendant attempts to assert a *Brady* claim, that claim must also fail. Under *Brady*, "[a] defendant's right to due process is violated when the prosecution suppresses evidence that is both favorable to the accused and material either to guilt or innocence." *DeCologero v. United States*, 802 F.3d 155, 161 (1st Cir. 2015) (quoting *Moreno–Morales v. United States*, 334 F.3d 140, 145)). "To demonstrate that exculpatory evidence is material, appellants must show 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 433 (1995)). Defendant's speculative allegations do not satisfy that burden.

his argument that his prior state court convictions do not qualify as ACCA predicate convictions. Further, his claim for ineffective assistance is based on mere speculation and finds no support in the record.

**SO ORDERED**

**/s/ *Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
