UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | CRIMINAL ACTION |
| v. | ) ) | NO. 4:15-40014-TSH |
| MARK MCFORBES, | ) ) |  |
| Defendant. | ) ) |  |

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION FOR A CERTIFICATE OF APPEALABILITY (Docket No. 268)

**October 23, 2019**

**HILLMAN, D.J.**

### Background

Mark McForbes ("Defendant") was sentenced to 15 years of imprisonment under an enhancement in 18 U.S.C. §§ 924(e)(2)(A)(ii) (the "ACCA") predicated on three prior state court convictions. The First Circuit denied his appeal on November 27, 2018. (Docket No. 246). His sentence became final on February 25, 2019, after the period to file a petition for writ of certiorari expired.

On January 2, 2019, Defendant filed a petition for a writ of habeas corpus. (Docket No. 248). This Court denied the petition on August 30, 2019. (Docket No. 263). On September 10, 2019, Defendant moved for reconsideration on a ground raised in an untimely but unopposed amendment to his petition. (Docket No. 260). In this ground, Defendant asserted that the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5220, § 401, signed into law on December 21, 2018, rendered the enhancement under which he was sentenced inapplicable to his case. The Court denied the motion for reconsideration on October 7, 2019. (Docket No. 265). This Order

1

addresses whether Petitioner is entitled to a certificate of appealability of the denial of his motion for reconsideration. For the reasons set forth below, the Court finds that he is not.

## Discussion

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

Under the ACCA, a person who commits a serious drug offense and has three previous convictions for a serious drug offense faces a fifteen-year statutory minimum. § 924(e)(1). The ACCA defines a serious drug offense as "(i) an offense under the Controlled Substances Act . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" or "(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A). The First Step Act amended the definition of "serious drug

felony" as used in the Controlled Substances Act. 132 Stat. at 5220, § 401. Petitioner has not shown that the First Step Act amended § 924(e)(2)(A)(ii), the provision under which Defendant's predicate offenses fell.

Accordingly, the Court a certificate of appealability with respect to the ground for relief asserted in Defendant's amendment to his petition because it finds that Defendant cannot demonstrate that reasonable jurists could debate whether his claims should be resolved in a different manner or that there is any basis to proceed further with the issues he has presented.

## Conclusion

The Court *denies* Petitioner's motion for a certificate of appealability.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**