**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>MARK MCFORBES AKA "S-DOT," )<br>   Defendant. )<br>) | CRIMINAL ACTION<br>NO. 15-40014-TSH |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO VACATE**
**CONVICTION**
**(Docket No. 287)**

**August 14, 2020**

**HILLMAN, D.J.,**

In 2015, a jury convicted Mark McForbes ("Defendant") of two counts of being a felon in possession of a firearm. Defendant moves to vacate his conviction in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which determined that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added). Defendant contends that, during his trial, the Government failed to prove beyond a reasonable doubt that "he knew he belonged to the relevant category of persons barred from possessing a firearm." *See id.* For the following reasons, the Court ***denies*** his motion. (Docket No. 287)

**Discussion**

Because Defendant "did not raise the knowledge of status issue at trial or on direct appeal, that issue is procedurally defaulted on collateral review." *See Boulier v. United States*, No. 13-00132, 2020 WL 1930482, at *4 (D. Me. Apr. 21, 2020) (citing *Massaro v. United States*, 538

U.S. 500, 504 (2003)). He thus may only proceed with his motion if he overcomes that default by demonstrating "cause" and "actual prejudice."[1] *United States v. Withee*, No. 18-163, 2020 WL 2557197, at *2 (D.R.I. May 20, 2020); *see also Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005).

The Court is not convinced that Defendant can establish cause under these circumstances. Although Defendant argues that his *Rehaif* claim was not available to him during trial or appeal, the Court hesitates to find this claim "so novel that its legal basis [wa]s not reasonably available to counsel," as courts have typically required for cause. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Litigants, after all, had been raising the issue for several decades despite the existence of adverse circuit precedence.

Even if the First Circuit's rejection of the legal basis for *Rehaif* did suffice to establish cause, however, Defendant's claim would indisputably fail at the next step: He cannot show the existence of actual prejudice on this record. Actual prejudice occurs when there is "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." *See Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citations and internal quotation marks omitted). And here, because the Government had more than enough evidence to prove beyond a reasonable doubt that Defendant had knowledge of his status—the PSR, for example, details several occasions on which Defendant was *actually sentenced* to a term of imprisonment of more than one year— the result of the proceeding would have been the same even if the Supreme Court had announced its rule in *Rehaif* earlier. *Cf. United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019), *cert. denied*, 140 S. Ct. 2550 (2020) (declining to find prejudice under plain error review where, because

---

[1] He does not assert actual innocence, which is an alternative basis for excusing procedural default.

the defendant had previously "pled guilty to offenses punishable by a term of imprisonment well beyond a year" and state law required his sentencing judge to disclose the maximum possible sentence he faced, there was "no reason to think that the government would have had any difficulty at all in offering overwhelming proof that Burghardt knew that he had previously been convicted of offenses punishable by more than a year in prison").  The Court accordingly ***denies*** Defendant's motion to vacate his conviction.

## Conclusion

For the reasons stated above, Defendant's motion (Docket No. 287) is ***denied***.

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations and internal quotation marks omitted).  This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail.  *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard.  28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability as to his *Rehaif* claim because I find that reasonable jurists could not debate whether his claim should be resolved in a different manner or whether there is any basis to proceed further with the issue he has presented.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**